Filed 4/29/14  P. v. Brockway CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER RYAN BROCKWAY,<br><br>        Defendant and Appellant. | A138966<br><br>(Mendocino County<br>Super. Ct. Nos. SCUKCRCR 12-20365<br>        & SCUKCRCR 13-70875) |

Christopher Ryan Brockway appeals from a judgment based on his plea of no contest to theft of an elder and failure to appear.  His court-appointed attorney has filed a brief raising no legal issues and requesting this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

### STATEMENT OF THE CASE

On February 1, 2012, the Mendocino County District Attorney filed a complaint in Mendocino County Superior Court case No. 12-20365 charging appellant with theft or embezzlement of an elder (Pen. Code, § 368, subd. (d)(1)),[1] together with three counts of forging the signature of the holder of an access card (§ 484f, subd. (b)).  Bond was set at $75,000, but appellant secured his release on March 27, 2012, and the case continued in pre-preliminary hearing status.  On July 10, 2012, appellant failed to appear and on November 27 of that year he was subsequently charged in Mendocino County Superior

_____

[1] All subsequent statutory references are to the Penal Code

1

Court case No. 13-70875 with that offense (§ 1320.5) and with a related enhancement for commission of a felony while on bail (§ 12022.1).

On February 26, 2013, pursuant to a negotiated agreement, appellant entered no contest pleas to theft of an elder and failure to appear. The agreement specified the midterm of two years for the failure to appear, a consecutive two-year term for the offense-while-on-bail enhancement, and a consecutive one-third the midterm of one year on the theft of an elder, for a total sentence of five years. The remaining charges were then dismissed.

At the sentencing hearing conducted on April 12, 2013, the court granted appellant's request for a "split" sentence under section 1170, subdivision (h)(5)(B)(i), which permits the court to commit a defendant "[f]or a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer . . . ." The court imposed the agreed-upon five-year term by declaring case No. 13-70875 the principle case, imposing the two-year midterm on the failure to appear, with a consecutive two years for the offense while on bail enhancement, and then imposing a consecutive one-third the midterm of one year on the theft of an elder charged in case No. 12-20365.

The court ordered appellant to serve two and one-half years on the principle case, with the following 18 months to be served on mandatory supervised release, 80 days on the subordinate term, and thereafter 285 days of supervised release. Credits were awarded as to each case, as well as fines and restitution, including an award for direct restitution to the victim in the amount of $2,362.43.

This timely appeal from the judgment insofar as it relates to sentencing was filed on June 7, 2013.

## FACTS

According to the report and recommendation of the probation officer filed with the court on April 12, 2013, appellant lived in Little River, Mendocino County, with his grandmother, Sandra Wilson, who was live-in caretaker for William Westfall Sr., then

2

104 years of age. On January 20, 2012, Wilson informed the Sheriff's Department that she had been notified by Westfall's son that there had been a large amount of fraudulent activity on his father's credit card account. Wilson suspected that appellant, her 24-year-old grandson, was responsible. He had just returned from Hawaii, she had recently given him the credit card to buy groceries, and he knew where she kept the card. When confronted by a sheriff's deputy, appellant admitted taking the card on numerous occasions and utilizing it without authorization at various business locations throughout the area for his personal gain. At the time he used the card appellant was on active parole out of the State of Hawaii and had been transferred for supervision by the State of California. Appellant, who apologized to the victim, regretted his conduct, telling a probation officer: "What was I thinking? I have no clue. It was stupid. I just got outta prison. I was told to go get some eggs and milk and then I decided to keep using it."

Appellant, who attended but did not graduate from high school, was unemployed at the time of sentencing. His parents divorced when he was young, he lived mainly in foster homes, and he apparently suffered abuse while in the Hawaii correctional system. He has been a daily user of marijuana since age 11, began drinking alcohol at 13, first smoked methamphetamine at 20, last snorting the substance in July 2012, and has experimented with cocaine, mushrooms, and LSD. Appellant's living expenses were all covered by Aurora Allen, with whom he has cohabited since January 2012.

The instant offenses are appellant's seventh and eighth felony offenses and, as noted in the probation report, "he will have twelve criminal convictions overall, which is enormous at the youthful age of twenty-four. . . [and he also] had a lengthy history in the juvenile criminal system as well." Due to his prior felony convictions, he is presumptively ineligible for probation (§ 1203, subd. (e)(4)), but he was eligible for so-called "split sentencing" to county jail under the realignment program (§ 1170, subd. (h)(5)).

At the sentencing hearing on April 12, 2013, the district attorney asked the court to impose the agreed upon five-year sentence entirely in custody. Defense counsel argued instead for a split sentence on the ground that, if appellant spent the entire term in

3

custody there would be no supervision of him after release to the community, which was what he needed in order to successfully transition to free society, and which is what the realignment program was designed to provide.

The sentencing judge agreed with defense counsel, stating as follows: "I do have a fundamental problem with releasing people directly to the street. I think that is not serving the public. [¶] The public has a right to expect people that are going into custody for long periods of time to believe that someone is going to be trying to supervise them, trying to maintain contact with them, trying to assure they're not using drugs and alcohol to an abusive situation or committing a new crime or all the above. So [under the realignment program] we're going to be do things a little differently from now on and that's what the community has said they expect to do." Accordingly, the court denied probation and imposed the agreed upon five-year term by means of a "split sentence."

## DISCUSSION

Because appellant pled no contest to the offense, the scope of the reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Nothing in the record before us indicates appellant was mentally incompetent to stand trial or to understand the admonitions he received from the court prior to entering his plea, and to thereupon enter a knowing and voluntary plea.

The admonition given appellant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his waiver was knowing and voluntary.

The record contains a factual basis for the plea.

The imposed sentence is authorized by law.

## DISPOSITION

Our independent review having revealed no arguable issues that require further briefing, the judgment is affirmed.

4

_____
Kline, P.J.

We concur:


_____
Haerle, J.


_____
Richman, J.